COE S. BUCHANAN, Respondent, *v.* THE WESTCHESTER COUNTY MUTUAL INSURANCE COMPANY, Appellant.

(Argued May 13, 1874; decided September term, 1874.)

THIS was an action upon a policy of fire insurance, issued by defendant to one Weeks, who sold the property insured and assigned the policy to plaintiff. The policy contained these clauses: "If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance; or if this policy shall be assigned before a loss without the consent of the company indorsed hereon, * * * then and in every such case this policy shall be void." "When property has been sold and delivered, or is otherwise disposed of, so that all interest or liability on the part of the assured, herein named, for loss thereon by fire has ceased, this insurance on such property shall immediately terminate." "This insurance may also be terminated at any time, at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy."

By a by-law of the company it was provided that "when any property insured with this corporation shall be alienated, by sale or otherwise, the policy shall therefrom be void and be surrendered to the officers of said company to be canceled, and a ratable proportion of the unearned premium be returned."

The property and policy were transferred on the 22d February, 1869. On the third March plaintiff mailed the policy to defendant, with a letter requesting its consent to the transfer. This was received on the fifth. Defendant's secretary answered, declining to consent to continue the policy, and inclosing check for unearned premium, and the policy was indorsed canceled. The property was destroyed by fire on the fourth; of this defendant had no knowledge when said letter was written. *Held*, on authority of *Savage v. Howard Insurance Co.* (52 N. Y., 502), that the policy was void at the time of the fire because of the sale.

It was claimed by plaintiff's counsel that the condition of the policy was limited by the by-law and that it did not become void until the return of the insurance premium. *Held*, that this position was untenable; that the by-law was consistent with the policy, it being based on the assumption that the latter became void by the sale, and only entitles the insured to the return premium upon his surrender of the policy; and his failure so to do could not give him any claim or continue the liability of the company.

*C. Frost* for the appellant.

*Thomas M. North* for the respondent.

LOTT, Ch. C., reads for reversal.

All concur; except DWIGHT, C., not voting; REYNOLDS, C., not sitting.

Judgment reversed.